ROBERT L. BLAND, Judge.
This'case is submitted to and heard by the court upon an agreed stipulation of facts.
It is provided by statute in West Virginia that all male persons convicted of felony and sentenced to imprisonment or confinement in the penitentiary, or so many thereof as may be required by the state road commissioner, shall, as incident to such sentence or confinement, constitute the state road force, and as such may be employed under the supervision of the state road commissioner in building, surfacing and maintaining roads under the supervision of the state road commissioner, code chapter 17, article 5, section 1.
The warden of the penitentiary prepares for the state road commissioner a monthly report which shows the names of not less than five hundred inmates of the penitentiary who are suitable for road work. From said list the road commissioner selects the number needed for road work. Supra, sec. 2.
*204 On May 27, 1942, there were a hundred and seventy of these convicts at road camp no. 76, Keyser, West Virginia. On the night of that date, six of the prisoners escaped from the camp and made their way into the state of Maryland. One of the men was apprehended at Hagerstown in that state, three in Virginia, one in West Virginia, and one is serving a term of imprisonment in the Ohio State penitentiary at Columbus. One of these escaped convicts subsequently confessed to the burglary hereinafter mentioned.
Claimant resides at Pinto, Maryland, where she is postmistress and conducts a grocery. On the same night that these prisoners effected their escape from the West Virginia road camp, claimant’s said store was entered and burglarized. Groceries, tobacco and candy were stolen. The front window was broken. To reimburse her for the amount expended for repair of said window and for the articles stolen, claimant seeks an award of $35.00.
It is shown by respondent that the road camp was an armed camp under the surveillance of twenty guards. The facts show that at the time that the prisoners escaped they were in the road camp jail, a small house prepared' at each road camp where prisoners are confined as punishment for infractions of the rules. They obtained a hack saw blade and sawed their way out through the roof of this jail. If the camp had in fact, as claimed, been “well guarded” it occurs to us that the escape could easily have been prevented by the twenty guards on duty at the time of the escape.
Officers of the road camp visited claimant at her place of business in Maryland, satisfied themselves of the justness of her claim, and assured her that it would be paid.
Upon due consideration of all of the facts of this case we are of opinion that the claim in question is just and proper and one which, under the peculiar circumstances, should be paid. We deem it unnecessary to advert to the general law *205 respecting liability of a sovereign commonwealth for depredations committed by its convicted felons. It is sufficient, however, to say that in our judgment the claim in question is, under the peculiar facts supporting it, such a claim as the Legislature contemplated should be paid by the state when it created the court of claims.
An award will, therefore, be made in favor of the claimant for the said sum of thirty-five dollars ($35.00) and an order will be made accordingly.