CHARLES J. SCHUCK, Judge.
The testimony in support of this claim presents facts quite unusual and differing materially as to their weight and importance from the facts and matters heretofore considered by this court in several other claims of a somewhat similar nature and arising from the criminal and tortious acts of escapees from the reformatory or industrial school for boys at Pruntytown.
George Fetty, when a boy thirteen years of age, was committed to the industrial school for boys, charged with the offense of breaking and entering and robbery. He was committed in December 1936; he was paroled in December 1938, after having been in the institution for approximately two years. He was returned for a violation of the parole in February 1941, and was then approximately eighteen years and eight months of age. Thereafter he escaped three times from the institution, on August 30, 1941; December 21, 1941; and again on January 30, 1942. From this last escape he returned *281 voluntarily and upon his promise seemingly to obey the rules and change his conduct, he was again received, and while given no special privileges he was under no special restraint and was given the ordinary supervision exercised over all the boys, and allowed privileges including the use of the recreation grounds at the same time and under the same conditions as the other boys confined in the institution. It was while enjoying the privilege of being on the recreation ground or center on Sunday afternoon, June 21, 1942, that he made his fourth escape, and while such escapee stole the automobile of the claimant and caused the damages thereto for which this claim is presented and now under consideration by this court. Under these circumstances we are called upon to decide whether or not an award should be made in favor of the claimant in the amount of $51.76 as heretfore filed. The recreation ground from which the last escape was made by Fetty is a large field or playground immediately adjoining state route 68, and is unenclosed except for the ground banks or slopes around approximately one-half or two-thirds of the tract.
In the claim of O. D. Lambert v. Board of Control, case no. 139, we held in refusing an award, that the authorities in charge of the industrial school must be guilty of such negligence or breach of duty as would contribute directly to an escape of one of the boys before an award could be made for damages resulting from the criminal or tortious act of such escapee. In that case we also said (see opinion last paragraph, page 5) “we do not subscribe to the rule that the state department involved can at all times escape liability, but do insist that the lack of reasonable care must be shown in each instance, and that the negligence must be so extreme as to be directly the cause for the commission of the tort . . .”
Applying these conclusions to the facts presented in the instant case we are of the opinion that the proper supervision was not exercised over the custody of the boy in question; that the circumstances surrounding his incarceration were such as to make him the object of special restraint; that his record while an inmate of the institution was so very bad that *282 the authorities must have concluded that he no longer could be the subject of reformation and that by giving him the same rights and privileges as enjoyed by the other boys, and allowing him to be on the unenclosed recreation ground at the time and under the circumstances presented, thus allowing another escape to be made by him, were such acts as contributed to the commission of the tort, and for which the state department involved should be held responsible.
Writers and authorities on juvenile delinquency indicate that there are juveniles possessed of a nature so vicious, whether acquired by heredity or environment, that reformation seems to be impossible, and that when a subject of this kind or type is being dealt with experience has shown that the authorities having custody of such juvenile must necessarily exercise a higher degree of supervision in order to control the delinquent’s acts and prevent him from being harmful to others. It is our opinion that Fetty falls in this class and that accordingly a higher degree of supervision should have been exercised by the authorities at Pruntytown than would be used or exercised in controlling the actions of a less harmful or obedient inmate. Lack of discipline and control in this case, in our opinion, was the cause of the escape and consequently brought about the commission of the tort, namely the stealing of the automobile and the injuries to it by the escapee in question. Under all of the circumstances, we favor an award and accordingly recommend that the claimant, Fletcher, should be compensated in the amount of fifty-one dollars and seventy-six cents ($51.76).