ROBERT L. BLAND, Judge.
The claim involved in this case is submitted to the court for determination upon an agreed statement of facts. An auto *148 mobile owned by claimant, Bernard L. Parsons, was stolen from his home in the city of Fairmont, Marion county, West Virginia, July 26, 1945, by three boys, two of whom were escapees of the West Virginia industrial school for boys at Pruntytown. The boys were subsequently arrested after the automobile had been recovered at Morgantown. During the time that the car was in their possession it was badly damaged. This damage is itemized as follows:
I Window glass broken.$ 5.50
1 Door lock broken_ 3.50
2 Rear bumper braces broken_ 3.00
Fuel line broken_ 4.00
Brakes completely worn out_ 22.00
The total damage to the car amounted (o $38.00. Claimant seeks an award for said amount.
The record does not show any culpability or responsibility on the part of the state board of control or the officers, agents or servants of the industrial school for the theft of the car in question. They did not contribute in any way to such theft. We have repeatedly held in similar cases that no responsibility shall rest upon the state warranting an appropriation of the public revenues for the relief of claimants. There is nothing in this case as we view it that would make it an exception to the rule which this court has heretofore followed. In the recent case of Ina Arrick v. Board of Control, claim No. 487, involving a claim for damages sustained to an automobile by reason of its theft by an escaped convict from the state penitentiary, in which an award was denied. Judge Schuck says in the opinion:
"Only the matter of the escape is revealed by the record and no evidence is presented to show that those in charge of the prison or the state agency involved were in any manner responsible for or contributed to the escape of the prisoners in question.”
Such may also be said to be true in this case.
Consistent with our former holdings, to which we now adhere, we must now deny an award in this case and dismiss the claim.