GARDEN, JUDGE:
The claimant in this claim resides in Randolph County, his home being located about one mile southwest of the Huttons-ville Correctional Center. On the evening of June 22, 1978, two inmates walked away from the Correctional Center and stole the claimant’s 1969 Chevrolet half-ton pickup truck. The truck had been parked in a meadow near the claimant’s home, and while the keys had not been left in the truck, the inmates pulled the switch wires out and burned the switch open. The *264 truck was later recovered when the inmates were recaptured, but not until the truck had sustained damage in the amount of $150.00. The record disclosed that these two inmates had simply walked away from the correctional institution and thereafter commandeered the claimant’s truck. Claimant testified that, while the security arrangements are now better at Huttonsville, at the time of this particular incident, the facility was not even fenced. At the hearing, the claimant made the remark that the State had never paid a claim for damage inflicted by escaped prisoners, and for that reason we deem it important to examine the prior decisions of this Court involving this issue.
In the claim of Miller v. State Board of Control, 1 Ct. Cl. 97 (1942), a sixteen-year-old delinquent had been sentenced to the industrial school at Pruntytown, but because it was determined that the infant was afflicted with syphilis, he was sent to a hospital in Fairmont for treatment before being turned over to the authorities at Pruntytown. While being treated at the hospital, he escaped, stole the claimant’s car, and damaged it. While the Court denied a recovery, it indicated quite strongly that the reason for the denial was that the sixteen-year-old had not been fully placed in the custody of the official of Pruntytown. In Dodrill v. State Road Commission, 1 Ct. Cl. 251 (1942), liability was again denied, but a reading of that opinion,' written by the Honorable Charles J. Schuck, clearly reflects that liability was denied principally because the claimant twice failed to appear and present testimony of his claim.
Again, in Lambert v. Board of Control, 2 Ct. Cl. 198 (1943), the Court declined to make an award when an inmate escaped from Pruntytown and in turn stole the claimant’s car and damaged it. The Court found that the method of escape was so unique that liability could not be imposed, but did make the following comment on page 202 of the opinion:
“ .. We do not subscribe to the rule that the state department involved can at all times escape liability, but do insist that lack of reasonable care must be shown in each instance and that the negligence must be so extreme as to be directly the cause for the commission of the tort and *265 thus place the responsibility squarely on the shoulders of the authorities involved.”
In the claim of Johnson v. State Board of Control, 2 Ct. Cl. 203 (1943), an award was made when six prisoners from the penitentiary, who were working on a road gang near Keyser, West Virginia, burglarized a store owned by the claimant. There were a total of 170 prisoners in the camp who were being attended by 20 guards, and the Court concluded that with such a number of guards, the escape could not have been effected, absent negligence. An award was also made in the claim of Fletcher v. State Board of Control, 2 Ct. Cl. 280 (1944), where an inmate who had escaped on three prior occasions escaped for the fourth time, stole the claimant’s car, and subsequently damaged it. Distinguishing the claim from Lambert, supra, Judge Schuck held that the respondent, in failing to provide extra restraint in respect to an individual with three previous escapes, was negligent. On the other hand, an award was denied by the Court in Worrell v. State Road Commission, 2 Ct. Cl. 342 (1944), by reason of the failure of the claimant to prove by a preponderance of the evidence that convicts from the penitentiary had in fact stolen certain items of personal property from the claimant.
Moving on in this review of former cases involving this issue, we find that the Court in Arrick v. State Board of Control, 3 Ct. Cl. 141 (1945) and again in Parsons v. State Board of Control, 3 Ct. Cl. 147 (1946), refused to make awards by reason of the failure on the part of the respective claimants to fully establish negligence on the part of the State agency, and that such negligence contributed to and made possible the escape of the respective inmates.
An award of $3,500.00 was made in the claim of Davis Trust Company v. State Board of Control, 3 Ct. Cl. 188 (1946), resulting from the rape and murder of claimant’s decedent. In that claim, one Lucy Ward, who resided on a farm near the medium security prison at Huttonsville, was raped and murdered on January 20, 1945, by one James Chambers, who had originally been convicted of a murder in 1935, with a recommendation of mercy, and sentenced to life imprisonment in the State penitentiary in Moundsville. The opinion is silent as *266 to why Chambers was later transferred to Huttonsville where, at that time, inmates were treated almost as members of a country club. Suffice it to say that on the evening of the atrocity, Chambers left the Huttonsville facility, committed his dastardly crime, and then returned to the prison without the officials even being aware of the fact that he had been absent. In our opinion, an award was never more justified. The payment of this award was later successfully contested and reference is hereby made to State ex rel. Davis Trust Company v. Sims Auditor, 130 W.Va. 623, 46 S.E. 2d 90 (1947).
Awards in favor of claimants were made by the Court in Goldsboro v. West Virginia Board of Control, 5 Ct. Cl. 187 (1950) and in Lewis v. Department of Public Institutions, 7 Ct. Cl. 192 (1968), and an award was denied in State Farm Mutual Automobile Insurance Company v. Department of Public Institutions, 7 Ct. Cl. 146 (1968), but from a reading of these last three opinions and the other opinions cited herein, it is apparent that each claim has been and should be decided on its own particular facts.
In this particular claim, no testimony was introduced by respondent in defense of the claim. The record as submitted for decision simply reveals that two unattended and unsupervised inmates walked away from the correctional institution and stole and damaged the claimant’s truck. To deny recovery to this claimant would simply amount to imposing a penalty upon a citizen of this State for living near a correctional institution. Such a ruling would be illogical and without justification.
The claimant testified that he purchased the necessary parts for the repair of his truck in a total amount of $45.10. He further testified that he did the repair work in seven hours and that he was of the opinion that his time was worth $9.00 per hour. He is also requesting an allowance of $10.00 per day for the period the truck was inoperable, a period which he claims extended from June 22, 1978 to August 25, 1978. We feel that this period is unreasonably long and evidences no attempt on the part of claimant to minimize his damages. We would reduce the allowable down-time to seven days. Based on the foregoing, *267 an award is made in favor of claimant in the amount of $178.10.
Award of $178.10.