GARDEN, JUDGE:
The claimant is the owner of a farm situated near Philippi in Barbour County, West Virginia, located one-half mile from the Sugar Creek Children’s Center. Among other buildings on this farm was a small shed, used principally for the storing of hay during the winter months. On the 16th of February, 1979, the shed and its contents were destroyed by fire. An investigation which followed revealed that three juveniles who were living at the Children’s Center had started the fire. The claimant testified that the hay which was destroyed had a value of $350.00. Claimant also introduced into evidence two competitive estimates for the rebuilding of the shed in the amounts of $2,627.02 and $2,300.00.
Emily A. Sturm, testifying on behalf of the claimant, stated that she was a co-director of the Home, a corporate, non-profit organization. She stated that the Home was licensed to care for children between the ages of 10 to 18; that most of the children were abused or neglected, but that a few of them had *95 experienced trouble with the law; that the children were placed in the Home by the respondent, and that the latter paid the Home on a per diem basis for taking care of each child.
Ms. Sturm testified that, on the day of the fire, all of the children at the Home had walked a distance of about two city blocks to a point where they were picked up by a school bus to be transported to school. The three youngsters in question, instead of boarding the school bus, decided to skip school and simply walk around. It was cold that day, and the three, seeking refuge from the cold, entered the claimant’s shed, started a fire to get warm, thereby setting the blaze which destroyed the shed. While some disciplinary problems had been presented by these three boys, Ms. Sturm testified that she has no idea they did not intend to go to school when they left the Home on the morning of the fire. She stated that it was not the custom at the Home to accompany the children from the Home to the point where they boarded the school bus.
This Court, in the claim of Tyre v. Department of Corrections, issued January 9, 1979, attempted to review all prior decisions relating to damage and personal injury perpetrated by escapees from various institutions in this State. A review of that decision will demonstrate that this Court has always required proof of negligence on the part of the particular respondent, specifically, negligence in failing to exercise due care in restraining the inmates or residents so that they cannot escape from their place of confinement and commit acts of vandalism, property damage, or personal injury. Unfortunately, the record in this case is devoid of any evidence of such negligence on the part of respondent. Accordingly, this claim must be disallowed.
Claim disallowed.