WALLACE, JUDGE:
Since 1960, the claimant has lived in a house owned by her daughter and son-in-law on Cotton Tree Road in Roane County, West Virginia. On the evening of September 28,1978, while she was baby-sitting away from her home, a neighbor, Owen Parker, reported to her that lights were on in the house. She gave him the keys and asked him to investigate. She could not leave until the parents of the children for whom she was baby-sitting returned at approximately 9:30 p.m.
It was reported that two boys had been seen around her home and that they had run away from their foster parents’ home. The West Virginia State Police at Spencer were notified and Trooper Kenneth Beckett responded. Upon investigation, it was discovered that every room of claimant’s home had been ransacked, contents of drawers were dumped on the floor, and beds, closets, and furniture appeared to have been slashed with a knife or other sharp instrument. Some personal items belonging to the claimant were missing.
It was determined that two children, Ronald Richards and James Jet, ages 11 and 12 respectively, who were wards of the respondent living with department-approved foster parents, were involved in *120 the vandalism. The foster parents, Kermit and Effie Jackson, lived about four miles from the claimant’s home. On the day of the incident, the boys attended school and were supposed to be playing near their foster home. They were missed at about 5:00 p.m. Mrs. Jackson testified that she immediately started looking for the boys and notified the Department of Welfare. The search continued through the night. Finally, the boys were found and returned to their foster home. Trooper Beckett picked them up at the Jackson home, and confiscated some of the missing items the boys had turned over to Mrs. Jackson.
Peggy O’Brien, a social service worker for the respondent, testified that she was familiar with the case of Ronald Richards; that he had been abandoned by his parents and was placed with the Jacksons in July of 1975; that, socially, he was completely withdrawn; and that he had no discipline problems or any indications of violent temperament, although he did break into a house in Wood County in June of 1975. James Jet had been with the Jacksons for one to one and a half years. He had no discipline problems or any indications of violence.
The Court, although most sympathetic toward the claimant, recognizes that, in order for an award to be made, proof of negligence on the part of the respondent is required. The record in this case is devoid of any evidence of such negligence on the part of the respondent. There is nothing in the record to indicate that there was any problem or behavior pattern of the boys that would require action by the respondent. Neither the respondent nor the Jacksons could have done anything to prevent what happened. See Tyre v. Department of Corrections, 12 Ct.Cl. 263 (1979); Stemple v. Department of Welfare, 13 Ct.Cl. 94 (1979).
Accordingly, from the record, the Court is of the opinion to and hereby disallows the claim of the claimant for damage to her personal property.
Claim disallowed.