LYONS, JUDGE:
Claimants Charles R. and Essie Daniels seek to recover the sum of $21,223.49 for the destruction of a barn on their property in Wayne County, West Virginia.
According to the claimants, their barn was set on fire by Gordon Epling, a child who had been placed in the foster home of Alvis and *202 Maggie Runyon by the Department of Welfare, now known as the Department of Human Services. Claimants allege that on February 14, 1981, Alvis and Maggie Runyon left Gordon Epling without adequate supervision at their home in Wayne County. As a result, the boy left the house, went to claimants’ property, and burned claimants’ barn and its contents.
In order for the claimants to receive compensation for their loss, it must be established that the Department of Welfare was guilty of negligence which was the proximate cause of the damage to claimants’ property. The issue is not new to this Court.
Facts similar to those recited here formed the basis for a denial in Armstead v. Dept. of Welfare, 13 Ct.Cl. 119 (1980). Two boys, who were wards of the respondent living with foster parents, ran away from home and vandalized the home of a neighbor four miles away. The Court determined that there was no negligence on the part of the respondent and that neither the respondent nor the foster parents could have done anything to prevent what happened.
In the instant case, the testimony revealed that Gordon Epling ventured into claimants’ barn where he saw something, probably a rat, run into a lumber pile. Gordon “got down and struck a match” to see where the animal went, and caught the barn on fire. (Transcript, page 12.) Nothing in the record of this claim shows that the Department of Welfare was guilty of a negligent act which proximately caused the damage to claimants’ property. The Court therefore finds no liability on the part of the respondent, and hereby disallows the claim.
Claim disallowed.