PER CURIAM:
Claimant brought this action to recover damages to personal property which occurred when an escapee from the Huttonsville Correctional Center, a facility of the respondent, broke into claimant’s retirement home. Claimant and his wife discovered that an escapee had broken into their home approximately one week after the incident occurred. The damages included the theft of various canned food, stolen clothing, the cost to repair a broken window, and stolen money for a total claim of $272.38.
Respondent, although admitting that the escape occurred, denies the claim.
Claimant’s testimony established that he and his wife maintained a retirement home at Valley Head, West Virginia, near the Huttonsville Correctional Center. He and his wife went to their home for a weekend in the spring of 1990. Upon entering the home, they discovered that it had been broken into and that damages had occurred as described hereinabove. Claimant contacted William C. Duncil, Warden at the Huttonsville Correctional Center, who informed claimant that there had been an escape. Employees from the Center came to claimant’s home to retrieve the escapee’s clothing and shoes which he had left in the home. Warden Duncil confirmed in a letter to claimant that an escapee from Huttonsville Correctional Center had broken into the home and that the escapee had later confessed to the crime.
This Court has 12 Ct. Cl. 263 entertained various claims involving escapees from State institutions. The Court’s position as enunciated in the claim of Tyre v. Dept. of Corrections, 1 Ct.Cl. 263 (1979) establishes that each claim of this nature must be decided upon its own particular facts. The claimant must fully establish negligence on the part of the State agency and that the negligence contributed to and made possible the escape of the individual. This burden of proof was established in Lambert v. Board of Control, 2 Ct.Cl. 198, 202 (1943), wherein the Court stated:
...that the lack of reasonable care must be shown in each instance (of an escape) and that the negligence must be so extreme as to be directly the cause for the commission of the tort and thus place the *153 responsibility squarely on the authorities involved.
See also Farmers & Mechanics Mutual Fire Insurance Company of W. Va. And Mutual Protective Association of W.Va. v. Dept. of Human Services and Dept. of Corrections, Unpublished Opinion dated October 24, 1986.
In the instant claim, claimant has failed to establish by a preponderance of the evidence the requisite negligence on the part of the respondent. Therefore, the Court, although sympathic with the claimant and the fact that he has suffered a loss without fault on his own part, is constrained to apply the applicable law and must deny this claim.
Claim disallowed.